IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>ONE DAY ROOFING, LLC<br><br>    Defendant. | Case No. 2:22-cv-883<br><br>CLASS ACTION COMPLAINT |

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive

telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Stewart Abramson ("Plaintiff" or "Mr. Abramson") brings this action to enforce the consumer-privacy provisions of the TCPA alleging that One Day Roofing, LLC ("One Day") violated the statute by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent. Moreover, One Day continued to call Plaintiff and proposed class members despite their "do not call" requests.

4. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of two proposed nationwide Class of other persons who received illegal telemarketing calls from, or on behalf of, Defendant.

5. A class action is the best means of obtaining redress for Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiff Stewart Abramson is an individual who resides in this District.

7. Defendant One Day Roofing LLC is a limited liability company that was formed under the laws of the State of Delaware, with its principal place of business located in Columbia, MD. The Defendant is registered to do business in this state and has a registered agent of URS Agents, LLC, 125 Locust Street, Harrisburg, PA, 17101.

## Jurisdiction & Venue

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9. One Day is a resident of this District and as a result is subject to personal jurisdiction in this District.

10. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the solicitation operations of One Day because the Defendant resides in this District and the solicitation calls to the Plaintiff were sent into this District.

## The Telephone Consumer Protection Act

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

12. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

16. Plaintiff Stewart Abramson is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. Mr. Abramson's telephone number, (412) XXX-5679, is listed on the National Do Not Call Registry, and has been since June 9, 2015.

18. Mr. Abramson's telephone number, (412) XXX-5679, is a personal telephone number that is not used for business purposes.

19. On May 22, 2022, Mr. Abramson received a text message from One Day:

> Pennsylvania's Number #1 roofing company is here to help you get your free no obligation estimate. Our One Day Roofing representative will call shortly. To check out our 4000+ installs and A rating with the BBB in your area click here.
> https://www.onedayroofing.com/pennsylvania

20. The text message was sent at 6:42 AM.

21. Mr. Abramson was also called on that same number at 8:01 AM on May 22.

22. The caller said he was with One Day Roofing.

23. The caller then advertised One Day Roofing's services and asked if the Plaintiff wanted to get a quote on roofing replacement.

24. The Plaintiff was not interested in the solicitation and asked to be placed on the callers Do Not Call list.

25. The caller told the Plaintiff that he would be put on the Do Not Call list.

26. The Plaintiff also responded to the text asking to no longer be contacted.

27. Despite this, the Plaintiff was called again by One Day Roofing the next date, May 23, 2022.

28. The caller then advertised One Day Roofing's services and asked if the Plaintiff wanted to get a quote on roofing replacement.

29. The Plaintiff informed him that he had already been called and asked to be placed on the Do Not Call List.

30. Plaintiff is not alone. Other individuals have complained about receiving telephone solicitation calls from Defendant and have left accompanying reviews online:



**Complaint Type:** Advertising/Sales Issues   **Status:** Resolved

12/11/2020

One Day Roofing is not following my request to be removed from their system. They continue to call me regularly. Somehow my phone number was attained by One Day Roofing, they purchased it from someone as I was in fact looking for a roof at the time. I spoke with someone (pre-sales) on the phone about a roof, and scheduled a follow-up call. I have chosen to go with another roofing company who I met in-person rather than just do this via phone and satellite. Unfortunately, One Day Roofing continues to call me regularly. I have requested my name and phone number be removed from their system repeatedly when they do. And yet they keep calling me, I believe it is up to 10 times now. Each time I clearly request them to remove my contact information and stop calling me.

**Desired Outcome**
One Day Roofing needs to remove my contact information from their system or mark me as Do Not Contact, and never call me again. I have stated I do not wish to do business with them. I never solicited their services originally so not sure how they even got my name and number.



> **Complaint Type:** Problems with Product/Service   **Status:** Answered   05/25/2021
>
> I called them as well as other roofing companies. I made the decision to go with another company. After the first several calls I explained that I have went with another company. I thought that was the end. They call my number at least once a week no matter what I tell them. No one wants unnecessary calls at any time. Yet they still persist even though I have told them several times to remove me from their call list, distribution list or where ever they get my phone number from.
>
> **Desired Outcome**
> Please have them stop calling me. I do not want their business in any form.

See, https://www.bbb.org/us/md/columbia/profile/roofing-contractors/one-day-roofing-0011-90347484/complaints (last visited June 14, 2021).

31. Plaintiff and other individuals who received these calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

## Class Action and Local Rule 23 Statement

32. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of the National Class of all other persons or entities similarly situated throughout the United States.

33. The Class of persons that Plaintiff proposes to represent are defined as follows (collectively referred to as the "Class"):

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) who had previously asked for the calls to stop or had not had a business transaction with the Defendant for at least 18 months or who had not inquired about Defendant's services within the 3 months preceding the call (5) at any time in the period that begins four years before the date of filing this Complaint to trial.

34. Excluded from the Class are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

35. The Class, as defined above, are identifiable through telephone records and telephone number databases.

36. The potential members of the Class number at least in the thousands.

37. Individual joinder of these persons is impracticable.

38. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

39. Plaintiff is a member of each of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

40. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

41. This class action complaint seeks injunctive relief and money damages.

42. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a. whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    b. whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls;

      c.      whether Defendant's calls to Plaintiff and members of the National Do Not Call Registry Class constitute a violation of the TCPA; and

      d.      whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

43. Plaintiff's claims are typical of the claims of the Class.

44. Plaintiff's claims, like the claims of Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

45. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

46. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

47. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters

illegal activities. There will be no significant difficulty in the management of this case as a class action.

48. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis. Moreover, on information and belief, Plaintiff allege that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

49. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

50. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

51. Defendant's violations were negligent, willful, or knowing.

52. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

53. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, pray for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representatives of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance.

F. An order enjoining Defendant to comply with the internal "do not call" policies of the TCPA;

G. An award to Plaintiff and the Class of damages, as allowed by law; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims of the Complaint so triable.

RESPECTFULLY SUBMITTED AND DATED this 15th day of June, 2022.

PLAINTIFF,
By his attorneys

By: */s/ Jeremy C. Jackson*
Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
*Subject to Pro Hac Vice*